JOHN P. MUMFORD, Petitioner, *vs.* MARY L. HALL, Executrix, and another.

## January 10, 1879.

**Issuance of Letters Testamentary, effect of—Insufficient Bond.**—Where a probate court, in a case of which it has jurisdiction, issues to an executor letters testamentary, reciting therein that said executor has complied with the provisions of the statute in such case made and provided, the letters are, in fact and form, an order of appointment of such executor, and, unless appealed from, such order is a conclusive adjudication that the executor is entitled to letters testamentary, and that the issuance thereof to him is proper, notwithstanding the fact that the executor's bond is not such as is required by statute, and is therefore insufficient.

On April 17, 1877, John P. Mumford filed a petition in the probate court of Ramsey county, stating that he was a creditor of the estate of John M. Hall, of New York, deceased, whose will was proved in that court, on June 11, 1861, in which will the testator named Mary L. Hall executrix, and John J. Cole executor thereof, and constituted the former his residuary legatee; that the executrix and executor have never given the bond required by statute, nor so complied with the law as to entitle them to act as such, or to receive letters testamentary, and that Mary L. Hall has never executed any bond to authorize her to take possession of the assets of the testator as residuary legatee; that notwithstanding such omission to give bond, the probate court, on June 19, 1861, improvidently issued to them letters testamentary, and since that time they have wrongfully and unlawfully intermeddled with the estate, and Mary L. Hall has assumed the ownership of all the assets of the deceased, and has been selling and disposing of them as if she were legally authorized so to do; that neither of them, as executor and executrix, nor Mary L. Hall, as residuary legatee, has ever offered to pay the petitioner's claim, which amounts to $1,500, and has long been due; that they have never filed any inventory, nor caused notice to be given to creditors to present their claims,

nor have commissioners to pass upon claims against the estate ever been appointed; nor have any steps whatever been taken toward settling the estate; and that neither the executrix nor the executor has ever resided in this state.

The prayer of the petition is that if the court shall be satisfied that the letters testamentary were improvidently and illegally issued, and that the persons named therein were never legally entitled, an order be made revoking and annulling such letters, and declaring them to be of no validity whatever; but if the court shall be satisfied that such letters were legally issued, and are valid, then that an order be made, removing such executrix and executor from their offices and trusts as such; and that some suitable person be appointed administrator with the will annexed.

A hearing having been had, the probate court made an order denying the prayer of the petition, but directing that the executrix and executor file an additional bond. From this order, the petitioner appealed to the district court, where the case was tried before *Brill*, J., without a jury, and the order of the probate court was reversed, the court holding that the bond given by the executrix and the executor to the probate court was void, and that the letters testamentary issued to them were on that account void. A new trial was refused, and the executrix and executor appealed.

The condition of the bond in question is as follows: "Whereas the said Mary L. Hall was nominated executrix, and John J. Cole executor, of the last will and testament of John Mortimer Hall, now deceased, and said will has been admitted to probate in the probate court of said county and state, and letters testamentary are about to be issued thereon to the persons so named, and whereas the said executrix is the residuary legatee and devisee, in said will: Now the condition of this obligation is such that if the said executrix and executor shall pay all the debts and legacies of the said testator, or such dividends thereon as shall be ordered and decreed by the probate court, out of the goods, chattels, rights, cred-

its and estate of the testator, and render a true and just account of their administration when required, and perform all orders and decrees of the probate court by them to be performed, then this obligation to be void; otherwise, in full force." The district court found that this was the only bond filed. The letters testamentary contain a recital among other things of the granting of probate of the will to the executrix and executor therein named, "and Mary L. Hall and John J. Cole having complied with the provisions of the statute in such case made and provided." The statutory provisions on this subject, in force at the time of the issuing of the letters, will be found in the margin.*

*John J. Cole,* for appellants, argued that the granting of the letters and admitting the will to probate was a judgment or adjudication; (*Penniman's Will,* 20 Minn. 245; *Porter* v. *Purdy,* 29 N. Y. 110;) and not reviewable by the same court, after a lapse of 15 years; Freeman on Judgments, §§ 96, 101; *Ætna Ins. Co.* v. *McCormick,* 20 Wis. 265; *U. S. Bank* v. *Moss,* 6 How. 31; *Cameron* v. *McRoberts,* 3 Wheat. 591; *Brush* v. *Robbins,* 3 McLean, 486; *Grant* v. *Schmidt,* 22 Minn. 1; *State* v. *Probate Court of Ramsey Co.,* 18 Minn. 117; *Wood* v. *Myrick,* 16 Minn. 495; *Parcher* v. *Bussell,* 11 Cush. 107; *Parker* v. *Parker,* 11 Cush. 519; that when the letters

---

*Pub. St. c. 41, §§ 1–4.

"§ 1. When a will shall have been duly proved and allowed, the probate court shall issue letters testamentary thereon to the person named executor therein, if he is legally competent, and shall accept the trust, and give bond according to law.

"§ 2. Every executor, before he shall enter upon the execution of his trust, and before letters testamentary shall issue, shall give bond to the judge of probate, in such reasonable sum as he may direct, with one or more sufficient sureties, with condition as follows : to make and return to the probate court, within three months, a true and perfect inventory of all the goods, chattels, rights, credits and estate of the deceased which shall come to his possession or knowledge, or to the possession of any other person for him ; to administer, according to law and to the will of the testator, all his goods, chattels, rights, credits and estate which shall at any time come to his possession, or to the possession of any other person for

recite the giving of a bond, it is an adjudication, and cannot afterwards be questioned; *Grignon* v. *Astor*, 2 How. 340; that letters testamentary, granted by a court having jurisdiction, are not revocable for error in granting them; *Griffith* v. *Frazier*, 8 Cranch, 9; that, the jurisdiction to grant the letters appearing, the same presumption obtains that it was rightly exercised which prevails with reference to superior courts; *Florentine* v. *Barton*, 2 Wall. 216; *Comstock* v. *Crawford*, 3 Wall. 396: that the recital in the letters, "and said Mary L. Hall and John J. Cole having complied with the provisions of the statutes in such case made and provided," is conclusive as to the validity of the bond; 3 Redf. on Wills, 56; *Baldwin* v. *Standish*, 7 Cush. 207; that executors derive their authority from the will, and not solely from the letters; *Hartnett* v. *Wandell*, 60 N. Y. 346; 1 Wms. on Exrs. 239; that the granting of letters was an immediate and necessary consequence of admitting the will to probate, and was therefore part of the same adjudication, with the condition of giving security; and the security being accepted, the adjudication was complete; the defect, if any, in the bond is cured by the granting of letters, unless the granting is appealed from. *Bloom* v. *Burdick*, 1 Hill, 134.

*A. R. Capehart*, for respondent.

him; and, out of the same, to pay and discharge all debts, legacies and charges chargeable on the same, or such dividends thereon as shall be ordered and decreed by the probate court; to render a true and just account of his administration to the probate court, within one year, and at any other time when required by such court; to perform all orders and decrees of the probate court, by the executor to be performed in the premises.

"§ 3. If, however, the executor shall be a residuary legatee, instead of the bond prescribed in the preceding section, he may give a bond in such sum and with such sureties as the court may direct, with a condition only to pay all the debts and legacies of the testator; and in such case, he shall not be required to return an inventory.

"§ 4. No person named as executor in any will who shall refuse to accept the trust, or shall neglect to give bond as prescribed in this chapter, for twenty days after the probate of such will, shall intermeddle or act as executor."

From an order appointing an executor, an appeal might be taken. On such appeal, if letters have been issued, the decision of the appeal determines whether they should be revoked. But if the appeal is taken before letters issue, the decision affects only the correctness of the order, and the power of the court to issue or withhold them. In the former case, the order may be erroneous, and the executor, having given the proper bond, may have already received his letters. In the latter, the order may be correct, but the proper bond may not have been executed. An order appointing an executor, as the word "appoint" is used in the statute, involves a determination that the person so appointed is the same person named as executor, that he is legally competent and that he accepts the trust. Such an order is appealable. Yet such order may be in all respects correct, and yet, after it is made, the executor may fail to give a proper bond, and it would be illegal to issue letters to him. But if in such case the court should issue the letters, there would be no remedy by appealing from the order appointing the executor, for in that order there is no error; nor by appealing from the act of issuing and delivering the letters, for that is not an order, and is not appealable. The only remedy would be by petition to the court to undo its illegal act. If such act were a judgment or adjudication, it could not be reviewed after the statutory lapse of time; but if it be an erroneous ministerial act, it may be corrected at any time; and if contrary to the express provisions of a statute, it is null and void. Probate of the will was granted to this executrix and executor. The probate court judicially ascertained and determined the validity of the will, that they were the same persons named as such executor and executrix therein, that they were legally competent and willing to accept the trust. The adjudication on these points is conclusive, and cannot now be reviewed. But here the jurisdiction stops, until some action on the part of those interested in the estate shall again call it into exercise. The next step taken by the court involves a question

not so much of jurisdiction as of power. Jurisdiction of a matter is one thing, and power to do certain acts therein is another. The probate court can allow the will, and grant an order appointing the executor, but it cannot issue and deliver to him letters testamentary, unless he complies with the condition precedent of the statute, by executing the bond prescribed by law. After general jurisdiction of a matter is acquired, further jurisdiction, in all courts, frequently depends on certain acts. *Babcock* v. *Cobb,* 11 Minn. 247 (347;) *Montour* v. *Purdy,* 11 Minn. 278 (384;) *Blake* v. *Sherman,* 12 Minn. 420; *Wood* v. *Myrick,* 16 Minn. 495; *Dickinson's Appeal,* 2 Mich. 337; *Tappan* v. *Tappan,* 4 Foster, 400; 10 Foster, 69; *Heydock* v. *Duncan,* 43 N. H. 45; *Williamson* v. *Williamson,* 3 Sm. & Marsh. 715; *Re Fisher,* 15 Wis. 567; *Frederick* v. *Pacquette,* 19 Wis. 569.

The language of the statute is peremptory. Unless complied with, the court has no power to issue letters testamentary. It cannot issue them unless the bond in fact existed at the time; and while the recital in the letters might be sufficient in a collateral proceeding, it is not in a direct proceeding by a party interested, who attacks the letters for want of compliance with the statutory condition precedent. The bond is part of the records of the court, and so are the letters testamentary. *Dayton* v. *Mintzer,* 22 Minn. 393. If the records show, not merely a conflict, but that one record, which depends for its existence upon another, is contrary to the express provisions of statute, such records are nullities, and all acts in pursuance of them are void. The rules applicable in cases of courts acting without jurisdiction are equally applicable to a case where letters testamentary are issued without the execution of the required bond. Authorities *supra*; *Holyoke* v. *Haskins,* 9 Pick. 259; *Cobb* v. *Newcomb,* 19 Pick. 336; *Ex parte Barker,* 2 Leigh, 719.

The bond given in this case was wholly insufficient, either as an executor's bond or that of a residuary legatee, though the parties seemed to have aimed at comprising both of these

bonds in one instrument. *Walker* v. *Crosland,* 3 Rich.(S. C.) Eq. 23; *Fulcher* v. *Commonwealth,* 3 J. J. Marsh. 592; *Arnold* v. *Babbitt,* 5 J. J. Marsh. 665; *Frazier* v. *Frazier,* 2 Leigh, 642; *Morrow* v. *Peyton,* 8 Leigh, 54; *Tappan* v. *Tappan,* 4 Foster, 400; 10 Foster, 69; *Heydock* v. *Duncan,* 43 N. H. 95; *Hatheway* v. *Weeks,* 34 Mich. 237; *McWilliams* v. *Hopkins,* 4 Rawle, 382.

The case of *Lanier* v. *Irvine,* 21 Minn. 447, does not hold this bond to be sufficient. Besides, where parties have enjoyed advantages under their bonds, and are sued on them, courts adopt a more liberal construction to sustain them, on the principle that no man shall profit by his own wrong. *United States* v. *Hodson,* 10 Wall. 395.

If the letters were originally void, the lapse of twenty years or more will not make them valid. *Holyoke* v. *Haskins,* 9 Pick. 259.

BERRY, J. The bond involved in this case is not such as was required either by section 2, or section 3, chapter 41, Public Statutes, the law in force at the time when it was executed.

Looking upon its face, it is quite apparent that the parties executing it did not intend it to be such a bond as is required by section 3—that is, the bond prescribed for an executor who is also residuary legatee. It was clearly intended to be the ordinary executor's bond prescribed by section 2. Its condition is "that if the said executrix and executor shall pay all the debts and legacies of the said testator, or such dividends thereon as shall be ordered and decreed by the probate court, out of the goods, chattels, rights, credits and estate of the testator, and render a true and just account of their administration when required, and perform all orders and decrees of the probate court by them to be performed, then this obligation to be void, otherwise in full force." This is a condition essentially differing from that prescribed in section 3. While it is in part the condition prescribed in section 2, it falls far short, and in substantial particulars, of satisfying the pro-

v.25M—23

visions of that section, as a glance at the same will show. The bond was not such as the statute required. Nevertheless, upon this bond, as it is, the probate court, on June 13, 1861, issued letters testamentary to the executor and executrix named in the will, reciting therein that they had "complied with the provisions of the statute in such case made and provided." The letters were in form such as are usually issued to ordinary executors. Now the statute (Pub. St. c. 58, § 43,) provided that an appeal might be taken to the district court from the probate court, from "an order appointing a person administrator, executor or guardian." An executor is nominated, and in a sense appointed, by the will; but the appointment referred to in this provision of statute is manifestly an act of the probate court. As the statute mentions no other, we think that, as respects the case before us, the appointment referred to is the act of the probate court in issuing letters testamentary under Pub. St. c. 41, § 1, providing that "when a will shall have been duly proved and allowed, the probate court shall issue letters testamentary thereon to the person named executor therein, if he is legally competent, and shall accept the trust, and give bond as required by law." The letters testamentary are in fact, as well as in form, an order of appointment.

There being no question as to the jurisdiction of the probate court in the premises, its order, unless appealed from, is, in a case of this kind, a conclusive adjudication that the executor and executrix named in the will were entitled to letters testamentary, and that the issuance thereof was proper. In making this adjudication, the probate court is to be taken to have determined that the bond was sufficient, since the question of its sufficiency was necessary to be determined before the issue of the letters. As we have already seen, the bond was really insufficient. But as the probate court had jurisdiction of the matter before it, its determination was erroneous merely, not void; for there is nothing in the statute which makes the bond jurisdictional. Notwithstanding

the error, then, as it does not appear that any appeal has been taken from the appointment of the executor and executrix, the appointment stands good. It follows that the district court erred in holding the letters testamentary to be void, and in reversing the action of the probate court upon that ground. The probate court properly held, in effect, that the letters were valid, and in the exercise of a discretion which we see no occasion to review, refused to remove the executor and executrix named in the letters testamentary, and directed them to file an additional bond. The order of the district court refusing a new trial is accordingly reversed, and such court directed to enter an order affirming the order of the probate court.