NICHOLS & SHEPARD COMPANY v. WARD SNYDER.

January 19, 1900.

Nos. 11,799—(174).

Contract of Infant—Executory and Executed Contract.

> The contract of an infant is simply voidable, and in law there is a marked distinction between his executed contract and his contract merely executory. As to the latter he may always interpose his infancy as a defense in an action for its enforcement, and he is not bound by such a contract unless he has affirmed or ratified it after he has arrived at maturity by some sufficient act or deed.

Action in the district court for Mower county to recover $632.16 and interest on three promissory notes. The case was tried before Kingsley, J., who found in favor of defendant; and from an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*E. E. Webster,* for appellant.

*Lafayette French* and *A. W. Wright,* for respondent.

COLLINS, J.

The plaintiff (appellant) does not challenge the finding of the trial court that defendant was but 19 years of age when he executed and delivered to it the notes upon which this action was brought. Nor is it contended that the defendant has at any time expressly ratified the contract. But the contention of counsel is that a finding to the effect that at a certain time, while defendant was still a minor, he expressly repudiated the notes, and refused to pay the same, was without evidence to support it, and hence that the court erred in ordering judgment for defendant.

The finding is abundantly sustained by the proofs, but even if the specific point made by counsel, namely, that the language used by defendant when he refused to make further payments was not inconsistent with an affirmance of the validity of the notes, was well taken, the order appealed from would have to be affirmed. The notes were given for a grain separator,—a part of a threshing-machine outfit. As to the defendant the contract was voidable and executory,—to be executed in the future by payment. In law

there is a marked distinction and difference between the executed contract of an infant and his contract merely executory. The former is binding until it is disaffirmed or avoided; and the contracts considered in Goodnow v. Empire Lumber Co., 31 Minn. 468, 18 N. W. 283, and Houlton v. Manteuffel, 51 Minn. 185, 53 N. W. 541, are examples of this class, conveyances of land being involved in each case. But an infant's executory contract is without binding force until it is confirmed. If an infant is sued on his executory contract before or after becoming of age, and he has not confirmed it since his majority, he may set up his infancy as a perfect defense. 2 Beach, Mod. Cont. § 1344, and note. And this distinction between executed and executory contracts was recognized by this court in Johnson v. N. W. Mut. L. Ins. Co., 56 Minn. 365, 374, 57 N. W. 934, and 59 N. W. 992, in which it was said:

"The following propositions are well settled, everywhere, as to the rescindable contracts of an infant, and in that category we include all contracts except for necessaries: First. That, in so far as a contract is executory on part of an infant, he may always interpose his infancy as a defense to an action for its enforcement. He can always use his infancy as a shield."

No disaffirmance of such a contract is necessary, and the infant can only be bound when, after attaining or arriving at his majority, he has confirmed or ratified it by some word, act, or deed. He may, after reaching full age, affirm his voidable contracts, so that he will be bound by them. Bishop, Cont. § 937, and cases cited; 10 Am. & Eng. Enc. 644, and citations in notes. There is no claim in this case that defendant, after becoming of age, ratified or affirmed the contract. He had previously disavowed the notes by refusing to pay, and from that time on he did not use, nor did he exercise any control over, the separator. It was at his father's house. He became of age in April, 1894, and in July or August following the plaintiff's agent took possession and sold it.

Order affirmed.