UNITED STATES INVESTMENT CORPORATION v. CHRISTIAN T. ULRICKSON and Another.[1]

June 21, 1901.[2]

Nos. 12,651—(145).

### Mortgage by Minor—Disaffirmance on Reaching Majority.

T. U. was the owner of a farm, which was incumbered with mortgages and liens to the extent of nearly half its value. He entered into an agreement with his son, a minor, to convey to him the premises in consideration of the son's executing the necessary mortgage to raise money sufficient to pay off the liens. The property was accordingly conveyed to the son, who executed the necessary note and mortgage, through the representations of the father, in the son's presence, that he was of legal age. The money received upon the mortgage was used in clearing the land from its incumbrances. Upon arriving at lawful age, the son served notice upon the mortgagee and his assignee disaffirming the contract. In an action to foreclose the mortgage, *held*, that under such circumstances the minor stood as the representative of the father' for the purpose of executing the mortgage, and he could not plead his infancy; or, if he represented himself to the mortgagee as owner of the property, he could not disaffirm the mortgage, and retain the land free from the mortgage lien.

### Amendment of Judgment.

*Held* not error to amend the findings and judgment by striking out all reference to a deficiency judgment prior to the return to this court.

[1] Reported in 86 N. W. 613, 1004.

[2] CHRISTIAN T. ULRICKSON v. SECURITY BANK OF RENVILLE.

June 21, 1901.

Nos. 12,652—(146).

Action in the district court for Renville county to restrain the foreclosure of a real estate mortgage made by plaintiff during his minority. Defendant, answering, prayed for affirmative relief and that the mortgage might be foreclosed. The case was tried before Powers, J., who found in favor of defendant, as prayed. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Olson & Johnson* and *Geo. Cudhie*, for appellant.

*G. T. Christianson* and *James D. Shearer*, for respondent.

LEWIS, J.

This case is controlled by the decision in U. S. Inv. Corp. v. Ulrickson. The

Action in the district court for Renville county to foreclose a real-estate mortgage. The case was tried before Powers, J., who made findings of fact, and as conclusions of law found that plaintiff was entitled to foreclosure, as prayed, and to a personal judgment against defendant Christian T. Ulrickson for such deficiency as might exist after application of the proceeds of the sale of the premises. From a judgment entered pursuant to the findings, defendant Ulrickson appealed. After service of notice of appeal, but before return made to the supreme court, the trial court, on plaintiff's motion, amended the findings and judgment by striking therefrom the provision for deficiency. Affirmed.

*George Cudhie* and *Olson & Johnson,* for appellant.

*James D. Shearer* for respondent.

LEWIS, J.

This is an action brought to foreclose a mortgage given to plaintiff's assignor on certain farm property in the counties of Renville and Kandiyohi.

At the time of the execution of the mortgage, defendant Ulrick-

present action was brought by the minor, after attaining legal age, to enjoin the foreclosure of the second mortgage which is mentioned in the findings in the case above referred to. It was found by the trial court that it was agreed between appellant and respondent that, in case the first mortgage should prove insufficient for plaintiff's purposes in discharging the liens upon the land, then defendant would loan him the balance needed; and it was found that the money received on the first mortgage was not sufficient to take up and satisfy all of the liens and claims against the land, and the commissions and expenses incident thereto, and therefore the second mortgage of $465 was executed, $165 of which was for commissions, and the balance went to make up the money deficit. It was further found that all the proceeds of this mortgage were used in connection with the relinquishment of the liens and claims against the land and in payment of the necessary expenses incurred in connection therewith. Upon this statement of facts there is no distinction between this case and the one heretofore mentioned. The same question of law is involved. The appellant has received the benefit of the money by the preservation of the land, and, having executed the mortgage for that express purpose, he is not in a position, either directly as a plaintiff to enjoin proceedings, or by way of defense in a foreclosure action to avoid the subjection of the land to the payment of the mortgage.

Judgment affirmed.

son was a minor, and immediately upon his becoming of age, prior to the commencement of this action, he disaffirmed the mortgage. Plaintiff's reply put in issue the facts found by the court, substantially as follows: (1) On October 21, 1895, Tideman Ulrickson, father of defendant, was the owner of certain lands situated in Renville county, and on that day conveyed the same, through a third party, to his son Olaf J. T. Ulrickson, an older brother of defendant. On July 14, 1897, Tideman Ulrickson assigned to defendant a contract upon certain other lands in Kandiyohi county. On March 9, 1897, Olaf J. T. Ulrickson conveyed the lands in Renville county to his brother, the defendant. (2) The court found that the only consideration for the transfer and the conveyance of such lands from the father by assignment and by deed through the brother to defendant was the assumption and agreement by defendant to pay off certain liens and claims against the transferred property; and it was understood and agreed by and between the father, the son Olaf J. T. Ulrickson, and the defendant, that the money should be obtained by means of a mortgage upon such premises by defendant for the purpose of paying off the liens and claims then existing against the property. (3) It was found that the liens and claims existing against the premises at the time they were so transferred consisted of an indebtedness to the state of Minnesota upon the land in Kandiyohi county of $802.16, a lien of $203.55 for building materials, a mortgage upon the lands in Renville county of $1,235.61, and one to the Kandiyohi Bank in the sum of $581, a judgment to A. H. Sperry of $201.61, and taxes due the state, amounting to $38.58; making a total of $3,062.51. (4) On November 18, 1897, in pursuance of this agreement, the defendant, who was an unmarried man, executed and delivered to one Adam Hannah his promissory note for the sum of $3,300, payable on January 1, 1903, and to secure the payment thereof at the same time executed and delivered a certain mortgage, with covenants of warranty, upon the premises so conveyed to him, which mortgage was recorded in Renville county on January 1, 1898, and in Kandiyohi county on January 8, 1898. (5) The court found further that at the time such loan was made the defendant the Security Bank of Renville was the agent for the mortgagee in conducting

negotiations with defendant Ulrickson for such loan, and agreed that, in case the loan from Hannah should prove insufficient for the purpose of paying off the liens, it would advance him such further sum as might be needed to make up the deficiency; and that thereafter the defendant bank did loan defendant Ulrickson the sum of $300, taking as security a second mortgage upon the premises. (6) That at the time of the execution of the mortgages the defendant Ulrickson was a minor, and did not reach his majority until April 7, 1899, but had the appearance of being a man about twenty-three years of age; and the father, in defendant's presence, represented him to the agent to be of lawful age. (7) That the money received from plaintiff's assignor by defendant Ulrickson upon the mortgage was used in paying off the above-mentioned liens to the amount of $3,062.51, through the Security Bank of Renville, $200 of which defendant Ulrickson received direct for the purpose of necessary expenses in connection with the loan, and was used for that purpose. It was further found that the Bank of Renville, as agent and representative of the mortgagee and defendant Ulrickson, at the request of defendant Ulrickson, paid out other moneys necessarily connected with the procuring of the loan, among which was $31.51 for an insurance policy of $1,400 upon the buildings situated on the land; and that all of the money obtained from the mortgage was so paid out under the directions and at the request of the father, Tideman Ulrickson, and the brother, Olaf J. T. Ulrickson. (9) That on or about June 10, 1899, the defendant Ulrickson executed, in writing, an instrument, which he caused to be served upon plaintiff's assignor on or about July 31, 1899, and upon the plaintiff on August 3, 1899, wherein he stated that at the time of the making and execution of the note and mortgage he was an infant, under the age of twenty-one years; that on April 7, 1899, he attained his majority; that he was of legal age, and elected and declared his intention not to be bound by said note and mortgage, repudiating the same. This notice was served within a proper and reasonable time after the defendant came of age. (10) The court further found that the defendant Ulrickson had at all times covered by

such proceedings been living upon the premises, together with his father and the other members of the family; that they had conducted the same as a farm; and that all of the lands situated in Renville and Kandiyohi counties constituted one farm, the value of which was $8,000. And it further appeared that the defendant Ulrickson made no restoration of any part of the money received from said mortgage, either to plaintiff or his assignor, and that he never surrendered, cancelled, or assigned to either of them, or for their benefit, the insurance policy referred to.

As a conclusion of law the court ordered judgment for plaintiff, directing that the land be sold to pay the amount of such note, with interest, amounting to $4,038.62, together with costs, disbursements, and attorney's fees, and for a deficiency judgment against the defendant Ulrickson. After judgment had been entered, and notice of an appeal to this court had been served, upon an order to show cause, the trial court amended the findings of fact and conclusions of law and the judgment by striking out therefrom all reference to such deficiency judgment. The cause comes to this court upon an appeal by defendant Ulrickson from the judgment. Appellant relies upon the following propositions: (1) That the contract was not for "necessaries," and was voidable; (2) that the defendant was not estopped by the false representations as to his age; (3) that he did not affirm the contract, or any part of it, but, on the contrary, disaffirmed it, upon arriving at legal age; (4) that in disaffirming the contract he was not required to return any part of the money received by him; (5) that by his disaffirmance the contract became void ab initio, and the title to the land reverted to the owners.

It is well settled in this state that, in so far as a contract is executory on the part of an infant, he may always interpose his infancy as a defense to an action for its enforcement. Nichols & Shepard Co. v. Snyder, 78 Minn. 502, 81 N. W. 516. There is nothing in the case to indicate that defendant did anything to affirm the contract, or any part of it, after he became of age. On the contrary, we think the findings are sufficient to show that he did everything he reasonably could to disaffirm the note, which was the only part of the contract remaining executory on the infant's

part that could be disaffirmed. If the defendant sought to disaffirm the entire transaction, he could only do so by restoring to the mortgagee or his assigns the money received and paid out for his own benefit in clearing the lands from incumbrances. This case may be examined from two points of view, either of which is fatal to appellant's position:

First. According to the facts found, the defendant voluntarily assumed the position of owner of the premises as the representative of the father, for the express purpose of raising the necessary funds to free the land from debt. He was not an innocent purchaser. He took the conveyance with full knowledge of the facts, and there was no other consideration than the agreement to execute the mortgage for that express purpose. Having consented to act in such capacity, he will not be permitted to take advantage of his state of infancy, and hold the property in any other capacity than that which he assumed. The most ordinary rules of justice and fair dealing will foreclose his plea of infancy, and will not permit him to retain the land discharged from the incumbrances, even in the absence of false representations as to his age. Whatever may be his legal relations as to his father and brother regarding the ownership of the land, as to the holder of the mortgage, which was given to clear the land from debt, he stands in no better position than would the father had he executed the mortgage himself.

Second. If we treat the conveyance by the father to the defendant as though made in good faith, and for a valuable consideration, and assume that the defendant was dealing as owner with the mortgagee, his position is equally untenable. If the money received upon the mortgage had been dissipated, or spent without reference to incumbrances, and without an improvement to the property, a different question might have arisen; but all of the money realized from the mortgage was expended for the purpose of saving the premises from being lost under the incumbrances. Under such circumstances he could not disaffirm, and make a profit at the expense of those who furnished the money for such purposes. If he had not the money in specie to restore, he had the land, which had been protected and saved for him by means of

that money. If he should elect to retain the land in its improved condition by means of that money, he must either restore the money, or submit the land to the lien imposed for such purposes. This would be his legal status in relation to the mortgagee, without reference to specific misrepresentations as to his age; and his position is so much the worse by reason of such fraudulent misrepresentations.

It is probably a sound rule of law which releases an infant from paying for goods which he has purchased by false representations as to his age, and which cannot themselves be restored, as held in Conrad v. Lane, 26 Minn. 389, 4 N. W. 695, but that doctrine cannot be extended to enable an infant to retain land which has been preserved for him as in this case. The principle is the same. See discussion in Johnson v. N. W. Mut. Life Ins. Co., 56 Minn. 365, 57 N. W. 934, 59 N. W. 992. A leading case upon this subject is MacGreal v. Taylor, 167 U. S. 688, 17 Sup. Ct. 961, wherein will be found a full discussion of the principles involved. It follows that the plaintiff, as the assignee of the mortgagee, is entitled to enforce the lien by a sale of the premises.

At the time the application was made to amend the findings and judgment, the notice of appeal and the bond of appeal had been served, but return had not been made to this court. Under these conditions the trial court had not lost jurisdiction of the case. Briggs v. Shea, 48 Minn. 218, 50 N. W. 1037, and Pratt v. Pioneer Press Co., 32 Minn. 217, 18 N. W. 836, 20 N. W. 87.

The point is made by appellant that the order striking out all reference to a judgment for deficiency is not in the nature of an amendment of a mistake or action taken through inadvertence, but that it is a deliberate finding by the court in the nature of a reconsideration of the issues in the case. The application for the order to show cause upon which the amendment was made was based upon an affidavit by attorney for the respondent to the effect that the reference to a deficiency judgment was included in the findings and judgment through inadvertence. Issue was taken by appellant upon this proposition, and the court made the amendment. The fair inference is that it was not the original intention of the court to find that the plaintiff was entitled to a judgment

for a deficiency, and that the amendment was made to make the record conform to the facts. But, if there was any error in this ruling, the only advantage that could be taken of it in this court would be to procure a modification to that extent.

Judgment affirmed.