ADOLPH D. JOHANSON, BY HIS GUARDIAN AD LITEM v. HARRY A. LUNDA AND ANOTHER.[1]

November 30, 1923.

No. 23,720.

**Complaint bad.**
    1. The complaint upon which this cause was tried *held* not to state a cause of action.

**Findings sustained by evidence.**
    2. Testimony considered and *held* to be sufficient to warrant all of the findings of fact made by the trial court.

**Order for judgment sustained.**
    3. The order for judgment against Aaron Johanson is warranted under the amended answer and the findings of fact.

Action in the district court for Hennepin county to cancel a certain deed and for an accounting. The case was tried before Nye, J.,

---

[1]Reported in 195 N. W. 917.

who made findings and ordered judgment in favor of defendants. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*A. B. Darelius,* for appellant.

*Elliott, Doll & Coursolle* and *Edward Chalgren,* for respondents.

QUINN, J.

Adolph D. Johanson was a minor at the time of the commencement of this action by his father, Aaron Johanson, as his guardian ad litem. That plaintiff was a minor appears affirmatively from the complaint. Subsequent to the commencement of this action and before the trial, the plaintiff attained his majority. When the case was reached for trial the counsel for plaintiff asked that Adolph D. Johanson be substituted as plaintiff in lieu of the guardian ad litem. The motion prevailed over the objection of defendants and it was so ordered. The case then proceeded to trial without any change in the pleadings. Defendants objected to the reception of evidence upon the ground that the complaint failed to state a cause of action. The objection was overruled, and, at the close of the testimony, defendants asked that Aaron Johanson be made a party defendant. It was so ordered and the defendants Lunda amended their answer. The amended answer was served upon Aaron Johanson and the trial postponed to a future date.

Aaron Johanson did not serve or file any reply to the amended answer. When the case was next called for further proceeding, it was stipulated by counsel that the testimony already taken stand as to all parties. The case was then argued and submitted. Thereafter the court made findings and ordered judgment in effect as follows: That plaintiff was not entitled to judgment rescinding the deed and contract; that, at the time of the execution of the conveyance, defendant Aaron Johanson was the real owner of the real estate in controversy; that he execute a deed conveying the same to the defendants Lunda; that, should he fail so to do, the decree of the court be entered transferring title thereto to the said defendants, and that judgment should be entered accordingly with costs and disbursements in favor of defendants. From an order denying his motion for a new trial, the plaintiff appealed.

Plaintiff is the son of the guardian ad litem, Aaron Johanson. On September 16, 1920, Aaron was the owner of the city property in question which is situated in the city of Minneapolis. On that day, his wife joining, he conveyed the same to plaintiff by warranty deed in the usual form. The consideration mentioned in the conveyance was one dollar and other valuable considerations. The father transacted all matters relating to the property to the time of the commencement of this action. He delivered the deed to his own attorney who had the same recorded on December 8, 1920. It was never delivered to the son. He leased the premises in his own name, collected and retained all of the rent, and generally looked after the premises. Between the date of the deed and the recording of the same, the father entered into negotiations with the defendants which resulted in an exchange of the city property for the farm of 200 acres in Sibley county. The city property was subject to three mortgages aggregating $12,000. The third mortgage was for $4,000 given by the father to his daughter prior to the giving of the deed to the son. This mortgage was later paid by the defendants, the father receiving the money. The exchange of the city property for the farm resulted in the plaintiff giving back to the defendants a mortgage on the land of $16,500. This mortgage was foreclosed and the period of redemption expired, the defendants bidding the same in at the sale. The father took possession and lived upon the farm. He owned the stock thereon, paid no rent to the son and claimed the farm as his own. The money paid by the respondents was never tendered back.

This is not an action at law to enforce a contract. It is a suit in equity, for equitable relief. The rules applicable are the same as though the plaintiff had not been a minor. Infancy does not excuse parties guilty of fraudulent transactions. 1 Story, Eq. § 385. The testimony justifies every finding of fact made by the trial court, and we discover no good reason for disturbing the result reached. The whole transaction, from start to finish, was conceived by the father who was the agent and representative of the plaintiff, if the latter's contention in this regard is to be relied upon. U. S. Investment Corp. v. Ulrickson, 84 Minn. 14, 86 N. W. 613, 1004, 87 Am. St. 326.

Affirmed.