## SAMUEL C. TERRELL AND ANOTHER v. LAWRENCE JOSEPH KOPP AND ANOTHER.[1]

October 15, 1926.

No. 25,602.

**Finding sustained by evidence.**

1. In an action for specific performance of an executory contract for the sale of land owned jointly by two minors and others, *Held:* That the evidence amply supports the finding that there was no ratification of the contract by the minors, or either of them, upon their becoming of age.

**Contract illegal as to minors is void altogether as to other joint owners, as parts cannot be separated.**

2. An executory contract for the sale of land owned jointly by two minors and five other parties, being illegal as to the minors, is void altogether, as the parts cannot be separated.

Infants 31 C. J. p. 1064 n. 55; p. 1066 n. 93; p. 1082 n. 19.

Action in the district court for Blue Earth county to compel specific performance of a contract for the sale of land. The case was tried before Comstock, J., who dismissed the action. Plaintiffs appealed from an order denying their motion for a new trial. Affirmed.

*C. O. Dailey* and *A. R. Pfau, Jr.,* for appellants.

*Morse & Morse,* for respondents.

QUINN, J.

John and Elizabeth Kopp were husband and wife. The husband owned a farm of about 160 acres. He died intestate on March 18, 1903, leaving, surviving him, his widow, five children—Theresa, Mary, Sebastian, Emil and Eugene—and two grandsons, the respondents above named, children of his deceased son, Michael.

On March 25, 1903, all of the children named signed the agreement herein referred to as Exhibit H. The grandchildren, being

[1]Reported in 210 N. W. 632.

minors of the age of 7 and 5 respectively and not being present, their mother signed their names to that instrument which contains provisions as follows:

"That said John Kopp, deceased, left no will, and made no formal disposition of his property, but had expressed his desires and wishes and had told his wife and children what his plan was on the matter of disposing of his property; that all the heirs of said John Kopp and his said widow, were satisfied with his said plan; and that it is their desire now to carry out the wishes and plan of said John Kopp, and to divide the property among themselves as he would have done had he made a will.

"That the said John Kopp's wishes and plan for the disposition of the above real estate were as follows: He desired that his widow, the above named Elizabeth Kopp, should have the use, rents and income of all the above described real estate for the full term of her natural life, that after her death, his sons, Sebastian, Emil and Eugene Kopp, above named should pay to his daughter Theresa Fasnacht One Thousand Dollars in money, to his daughter Mary Kopp One Thousand Dollars in money, and to Theresa Kopp, as guardian of Lawrence Joseph Kopp and Raymond Peter Kopp the minor children of his said deceased son, Michael Kopp, and for said minor children, One Thousand Dollars; and that upon the payment of said sums of money three sons, Sebastian, Emil and Eugene Kopp should be and become the owners, in fee simple, of all of said real estate."

The estate of John Kopp was probated and a final decree entered January 9, 1904. Mary Kopp, single, died intestate October 25, 1913. Eugene Kopp died August 1, 1918, and Samuel C. Terrell became the representative of his estate. The widow, Elizabeth Kopp, died intestate December 3, 1922. At the time of the signing of the paper Exhibit H respondent Lawrence J. was seven and the respondent Raymond P. was five years of age. Their mother was not their legal guardian at that or at any other time.

This action was commenced in January, 1924. Each of the persons named as defendants was served personally. There was no

appearance except that of the two respondents. The action was brought to compel the specific performance of the agreement Exhibit H. There was a trial and the court made findings and ordered judgment to the effect that the agreement Exhibit H was void and of no effect as to the defendants Lawrence J. and Raymond P. Kopp, that the plaintiffs take nothing by this action, and that the same be dismissed with costs to the respondents. From an order, denying their motion for a new trial, plaintiffs appealed.

That the agreement Exhibit H was a nullity and unenforceable so far as respondents are concerned, up to January 17, 1919, is not controverted. But it is claimed and urged on behalf of appellant that the respondents ratified the agreement at that time by the execution of Exhibit I. By the terms of the agreement Exhibit H Sebastian Kopp was, upon the payment of a certain amount of money as therein specified, to receive title to that portion of the John Kopp farm described as follows: The east half of the east half of the southwest quarter of section 14, township 109 north, range 25 west, being 40 acres in Le Sueur county. This is the identical land which Sebastian Kopp and his wife, Margaret Kopp, contracted to sell and convey to the respondents in Exhibit I, at the agreed price of $5,000. All of the parties to that instrument, as well as the lawyer who prepared it, understood and believed that the mother of respondents was their guardian when Exhibit H was signed. Exhibit I, as we read and construe it, indicates no intention on the part of respondents to ratify the agreement Exhibit H. The evidence, as shown in the entire record, amply warrants the finding that there was no ratification of the agreement Exhibit H by respondents and as to them it is unenforceable and of no effect. Where the contract is executory, there must be some act of affirmance or ratification in order to make it binding upon an infant. Nichols & Shepard Co. v. Snyder, 78 Minn. 502, 81 N. W. 516; Godfrey v. New York Life Ins. Co. 70 Minn. 224, 229, 73 N. W. 1; Pott v. Hanson, 109 Minn. 416, 124 N. W. 17.

There are six distinct parties interested in the agreement Exhibit H—three vendors who are to quitclaim their interest in the farm in

case the agreement be carried into effect, and three vendees, being the three sons of John Kopp, deceased, their heirs or representatives, each of whom is to pay a specified amount of money, at a specified time, and each to receive certain specified parts of the farm. This action is brought by the representative of the estate of one of such vendees, against all of the other vendees and the vendors to enforce specific performance of the agreement. Although personal service of the summons was had upon all of the defendants, only the two respondents appeared in response thereto.

Sebastian Kopp was called by the plaintiff as a witness. He testified that he was willing to carry out the agreement, but said nothing about his ability so to do. There is no showing as to whether Emil Kopp is able or willing to comply with the provisions of the agreement. Some evidence was received to the effect that respondents raised a crop upon the 40 in question in 1924; that they constructed fences thereon and laid some tile. While such testimony was relevant as bearing upon the question of implied ratification, yet the testimony of respondents is unchallenged that their own farm adjoins that 40, which was the moving inducement for such improvements; that the tile was for the purpose of providing an outlet for the drainage of their own farm, and that they farmed the land rather than to have it lie idle; that they kept an account of the proceeds thereof and were holding the same for the parties entitled thereto and so notified the administrators of the Elizabeth Kopp estate.

It is urged that, though the agreement be illegal as to the minors, yet the plaintiff is entitled to a decree for specific performance against the other parties to the agreement. With this contention, we are unable to agree. Each of the minors owned an undivided one-twelfth interest in the farm. Each of the other parties to the agreement owned an undivided interest therein. The interest of the minors could be sold only under a license from the probate court and pursuant to the statute. The purpose of the law is to protect minors as to their real estate. The land of a minor can only be sold under certain existing conditions, specified by the statute. Any contract which tends to avoid the wholesome provisions of the law,

with reference to the sale of a minor's real estate, is clearly contrary to the policy of the statute and will not be enforced. The interests were indivisible. The agreement was entirely out of accord with the statute. Not being in accord with the policy of the law, it is illegal as to the minor. Being illegal in part and legal as to the residue, it is void as to all, as the parts cannot be separated. 31 C. J. 1082; Bishop, Contracts, § 487; Clark v. Stanhope, 109 Ky. 521, 59 S. W. 856. The trial court was right in refusing to accede to the importunity of plaintiff to grant a decree of partial performance. This conclusion makes unnecessary any further discussion of the matters contained in the briefs.

Affirmed.

The Chief Justice took no part.

On October 29, 1926, the following opinion was filed:

PER CURIAM.

The petition for rehearing is denied; but to prevent any misunderstanding it should be said that the contract was not illegal in the sense that it was against public policy. It was wholly ineffectual as to the minors. And it is very clear that those of age would never have signed the contract had they known that the mother of the minors had no right to sign it in their behalf. From that circumstance, and the fact that the contract related to several tracts of land and their division upon payment of certain sums of money to three of the heirs, the court was justified in refusing to decree specific performance as to any one, even though in default of an answer.