# LAURITS P. LEHMAN AND ANOTHER v. HENRY W. NORTON.[1]

March 16, 1934.

No. 29,694.

[1]Reported in 253 N. W. 663.

*Louis Solem,* for appellants.
*Carleton, Cherry & Norton,* for respondent.

DEVANEY, *Chief Justice.*

Action to have certain mortgage foreclosure proceedings declared null and void and to have the documents and instruments now on file evidencing the same expunged from the records. Plaintiff's are the mortgagors. Fannie W. Norton is the mortgagee named in the mortgage. June 6, 1931, the mortgage was in default. Under a proper power of attorney Henry W. Norton commenced foreclosure by advertisement under a notice of foreclosure sale executed by the mortgagee. June 20, 1931, the mortgagee died. At that time three notices of foreclosure had been published, and due notice had been given the occupants of the premises. Thereafter the publications were continued by Henry W. Norton under the original notice. July 11, 1931, the sixth and final notice was published. July 20, 1931, Fannie W. Norton's will was admitted to probate, and Henry W. Norton was appointed executor of the estate. Later that same day the foreclosure was had, and the premises were bid in by and sold to "Henry W. Norton as executor of the estate of Fannie W. Norton, deceased." This action was commenced by plaintiffs a few days before the year of redemption expired to set the sale aside on the grounds that an executor cannot complete foreclosure proceedings started by a mortgagee, but must recommence the foreclosure in his own name as executor. Findings were made holding the foreclosure proceedings invalid, and on March 3, 1933, defendant's motion for a new trial was denied. March 9, 1933, defendant served on plaintiffs' attorney notice of appeal. This notice of appeal was not served upon the clerk of district court, nor was it filed. No appeal bond was filed, and no money was deposited. April 4, 1933, defendant having moved the court to reconsider its previous order and to amend its findings, an order was made granting reargument and vacating the prior order pending reconsideration. June 7, 1933, amended findings were filed declaring valid the

foreclosure proceedings and sale. From judgment entered pursuant thereto plaintiffs appeal.

There are three issues:

(1) Did the trial court exceed its authority or abuse its discretion in granting a motion to reconsider and in making amended findings upholding the foreclosure proceeding?

(2) Was the executor's appointment open to collateral attack?

(3) Can an executor complete a foreclosure proceeding by advertisement commenced by the mortgagee?

■ The trial court did not lose jurisdiction because on March 9, 1933, the defendant served a notice of appeal on plaintiffs. The record discloses that defendant did not conform to 2 Mason Minn. St. 1927, § 9492, as he must before perfecting an appeal. He did not serve the notice on the clerk of district court, file the notice, file a bond, nor deposit $15. Nor did he make a return to the supreme court. What he did was merely the first step. It is settled that the trial court does not lose jurisdiction at least until return has been made to this court. United States Inv. Corp. v. Ulrickson, 84 Minn. 14, 20, 86 N. W. 613, 87 A. S. R. 326.

The trial court granted the motion to reconsider and amended its findings so as to uphold the foreclosure proceedings because defendant called to its attention 2 Mason Minn. St. 1927, § 8799. This section previously had been overlooked. Plaintiffs contend that only upon the discovery of new evidence not available before can the court reconsider its previous order. Hence they point to this action on the part of the court as an abuse of discretion. We cannot so hold.

"Section 9283, G. S. 1923 [now 2 Mason Minn. St. 1927] authorizes the court, for good cause shown, to set aside its orders. But independently of the statute a court of general jurisdiction has authority to do so when satisfied that such action is proper." Duffy v. Stratton, 169 Minn. 136, 138, 210 N. W. 866, 867.

It is not a matter of discretion. The trial court has the absolute power and right to reconsider any previous order. Barrett v. Smith, 183 Minn. 431, 237 N. W. 15.

■ No question can here be raised concerning the validity of the executor's appointment. The probate court has original jurisdiction to issue letters, and, if the appointment is improper, remedy is by appeal from the order of appointment. Mumford v. Hall, 25 Minn. 347; see Betcher v. Betcher, 83 Minn. 215, 86 N. W. 1; First T. & S. Bank v. U. S. F. & G. Co. 163 Minn. 168, 203 N. W. 612. Plaintiffs did not object at the time of the appointment. They cannot now raise this question collaterally.

■ We think the foreclosure proceeding was valid. 2 Mason Minn. St. 1927, § 8799, provides:

"When any mortgagee of real estate, or any person to whom a mortgage is assigned, dies without having foreclosed such mortgage, all the interest in the mortgaged premises conveyed by such mortgage and the debt secured thereby shall be considered as personal assets in the hands of the executor or administrator; and he shall have the same right to foreclose the mortgage or collect the debt as the decedent could have had if living, *and he may complete any proceeding commenced by decedent for such purpose.*"

No question of agency is involved. It cannot be doubted but that the power of attorney given Henry W. Norton by the mortgagee before her death was not a power coupled with an interest and was revoked by her death. Defendant's claim is that he had authority to complete the foreclosure proceedings under the above statute and not because he held a power of attorney. The only reason for the giving of the power of attorney was to comply with the steps required by the statute where foreclosure is by advertisement. There is no force to the argument that the mortgagors were prejudiced for lack of a living person who could have delivered a satisfaction after the mortgagee's death if they had wanted to pay up the mortgage. The executor could have so done. Letters of administration when granted relate back to the time of the death of the decedent, and thus acts of the administrator between the death and the time when the letters are issued are validated. See Noon v. Finnegan, 29 Minn. 418, 13 N. W. 197; Dunnell, Minn. Pr. Law, § 663.

The above quoted statute is clear and succinct. It states that the executor may complete proceedings commenced by the decedent.

Nothing could be clearer. We cannot follow plaintiffs' argument that "proceeding" as used in the last part thereof means legal proceedings only and hence excludes cases where foreclosure is by advertisement. Such a construction would be narrow and perverted. No further question appears.

Affirmed.

